UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00333-FDW

| DARRYL A. MCPHAUL, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | ORDER |
|  | ) |  |
| ERIK A. HOOKS,[1] | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**THIS MATTER** is before the Court on initial review of Petitioner Darryl A. McPhaul's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1).

I. BACKGROUND

Petitioner is a prisoner of the State of North Carolina who, on February 4, 2014, pled guilty in Mecklenburg County Superior Court to accessory after the fact to first-degree murder. See State's Resp. to Pet. for Writ of Cert. ¶ 1, State v. McPhaul, No. P16-799, 2016 WL 6605281 (N.C. Ct. App. filed Oct. 31, 2016). Petitioner was sentenced to a minimum 168, maximum 211 months in prison. Id. He did not file a direct appeal.

On March 24, 2014, the trial court issued an order denying Petitioner's first motion for appropriate relief ("MAR") for failure to serve the Mecklenburg County District Attorney with a copy of the MAR (Order Den. MAR, Doc. No. 1-1 at 131), as required by N.C. Gen. Stat. § 15A-

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that a petition for writ of habeas corpus name the person who has immediate custody of the petitioner as the respondent in the action. Rule 2(a), 28 U.S.C. folio § 2254; see also Rumsfeld v. Padilla, 542 U.S. 426, 434–47 (2004) (stating the writ should be directed to the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge."). Erik A. Hooks, Secretary of the North Carolina Department of Public Safety, is the proper respondent in this habeas action.

1420(a)(3) (citing N.C. Gen. Stat. § 15A-951).  On July 22, 2014, the trial court issued an order denying Petitioner's second MAR.  See State's Resp. to Pet. for Cert., 2016 WL 6605281 at ¶ 3.  From the instant habeas Petition, it appears the second MAR was denied for the same violation of the statutorily-required filing and service of process rules.  (Pet. ¶ 18, Doc. No. 1.)

On June 30, 2015, Petitioner filed a third MAR.  See State's Resp. to Pet. for Writ of Cert., 2016 WL 6605281 at ¶ 4.  Petitioner argued in the MAR that his guilty plea was not made knowingly, voluntarily, and intelligently because "his attorney had promised him a sentence [of] 101-128 months."  Id. at *5.  The trial court issued an order on August 31, 2015, denying the MAR on the merits.  See id. ¶ 4, *4.

Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals on October 21, 2016, seeking review of the trial court's denial of his third MAR.  See id. at ¶ 5.  The Court of Appeals denied the petition on November 2, 2016.  (Order Den. Cert. Pet., Doc. No. 1-1 at 93.)  Thereafter, Petitioner filed certiorari petition in the North Carolina Supreme Court, which was dismissed on January 26, 2017.  (Order Dismiss. Cert. Pet., Doc. No. 1-1 at 95.)

The instant § 2254 Petition was docketed in this Court on June 13, 2017.[2]  Petitioner raises two claims of error with respect to his sentence:  1) that he was sentenced to a term of prison greater than the parties had agreed to in his plea deal; and 2) that the term imposed was itself incorrect under the North Carolina Structured Sentencing Act guidelines.  (Pet. 5, 7.)  Petitioner also raises several ineffective assistance of counsel claims and claims related to the state MAR proceedings.  (Pet. 8, 10.)

---

[2] Petitioner initially failed to date and sign his Petition under penalty of perjury (Pet. 15).  Accordingly his filing date is the date on which his Petition was received in the Clerk of Court's Office.  See Houston v. Lack, 487 U.S. 266, 267 (1988).

## II.    STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. In conducting its review under Rule 4, the court "has the power to raise affirmative defenses sua sponte," including a statute of limitations defense under 28 U.S.C. § 2244(d). Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). The court may dismiss a petition as untimely under Rule 4, however, only if it is clear that the petition is untimely, and the petitioner had notice of the statute of limitations and addressed the issue. Id. at 706–707.

## III.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A).[3] The limitations period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

Judgment was entered in this case on February 4, 2014, when Petitioner was sentenced. To the extent he retained the right to a direct appeal subsequent to his guilty plea, Petitioner had 14 days to file a notice of appeal in the North Carolina Court of Appeals. See N.C. R. App. P. 4(a)(2). Because he did not file a direct appeal, Petitioner's judgment became final on or about

---

[3] There are three alternate starting dates for the statute of limitations, see 28 U.S.C. § 2244(d)(1)(B), (C), (D), but none of those apply to here.

3

February 18, 2014, when the time for seeking direct review expired. See § 2244(d)(1)(A).

The federal statute of limitations then ran for 365 days until it fully expired on or about February 18, 2015. Although the limitations period is tolled during the pendency of a properly filed state post-conviction action, see § 2244(d)(2), Petitioner's first two MARs were not properly filed, see Artuz v. Bennett, 531 U.S. 4, 8 (2000) (A post-conviction action "is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."). As explained previously, Petitioner failed to follow the statutory requirements governing filing and service of process. Accordingly, his first two MARs did not toll the statute of limitations.

Petitioner did not properly file an MAR in the state court until June 30, 2015, see State's Resp. to Pet. for Cert., 2016 WL 6605281 at ¶ 4, more than four months after the federal statute of limitations had expired. That MAR neither resurrected nor restarted the statute of limitations. See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000). Thus, absent equitable tolling, Petitioner's habeas petition is time-barred under § 2244(d)(1)(A).

Equitable tolling of a habeas petition is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Under Fourth Circuit precedent, equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotation marks omitted).

In explaining why the statute of limitations should not bar his § 2255 Petition, Petitioner

4

asserts that his trial attorney did not explain how to properly file an MAR; he filed three MARs before he knew he had to serve the District Attorney, not the Assistant District Attorney who prosecuted him; he has an eleventh-grade education, and he is relatively ignorant of the law. (Pet. 13-14.)  "[E]ven in the case of an unrepresented prisoner," however, "ignorance of the law is not a basis for equitable tolling." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (citing Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."); United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002) ("[A] petitioner's own ignorance or mistake does not warrant equitable tolling . . . ."); Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001) (rejecting the argument that a pro se prisoner's ignorance of the law warranted equitable tolling); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (same)).  In other words, Petitioner's limited education and ignorance of the proper procedures for filing an MAR "[are] neither extraordinary nor . . . circumstance[s] external to his control."  See Sosa 364 F.3d at 512.  Thus, Petitioner is not entitled to equitable tolling of the statute of limitations.

For the reasons stated herein, the § 2254 Petition is untimely, see § 2244(d)(1)(A), and Petitioner is not entitled to equitable tolling of the statute of limitations.  Consequently, his Petition shall be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** as untimely under 28 U.S.C. § 2244(d)(1)(A);

2. The Clerk of Court shall substitute Erik A. Hooks for "State of North Carolina" as the respondent in this action; and

5

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: November 1,

_____
Frank D. Whitney
Chief United States District Judge